THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MURRAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 6, 1973, convicting him of criminal possession of a dangerous drug in the fourth degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review a decision of the same court, rendered March 14, 1973, which denied defendant's motion to suppress evidence. Judgment reversed, on the law and the facts, motion granted, and indictment dismissed. Defendant's vehicle was stopped for a traffic check at 11:50 P.M. A subsequent search of the vehicle resulted in the discovery of a quantity of heroin. At the suppression hearing one of the arresting officers gave as his reasons for stopping defendant's vehicle: "Well the area that we were in patrol is a low-income-type area, and the defendant was driving an expensive-type car, a new car, and it had out-of-State registration, and it was occupied by three other persons besides the defendant, who were dressed in shabby-type clothes. They just didn't look like they belonged in that type of car." As the officer approached the vehicle, he saw defendant throw a brown pouch to the floor of the car, and then get out of the car. While another patrolman obtained defendant's license and registration, the officer went around to the driver's side of the car and saw a brown pouch on the floor, near the pedals, with part of what he believed to be a glassine envelope protruding from its open end. The pouch was described as "brown leather about three inches long, two inches high; it would be maybe a tobacco pouch, or a change purse, something of that nature." The officer picked it up, squeezed it, and observed several glassine envelopes inside. When he determined that there was white powder inside the envelopes, defendant was arrested. The contents of the glassine envelopes were subsequently tested and found to contain heroin. The arbitrary stop of a single vehicle for a "routine traffic check" is impermissible unless there exists reasonable suspicion of a violation of the Vehicle and Traffic Law *(People v Ingle,* 36 NY2d 413). The testimony of the police officer as to the reasons for the stoppage of defendant's vehicle was devoid of articulable facts indicating a violation of the law. To the contrary, the "suspicious circumstances" articulated by the officer consisted of nothing more than a number of

innocent facts and observations which, while somewhat unusual if taken in the aggregate, hardly indicated unlawful activity. Consequently, we must conclude that the police officer's intrusion was not reasonably warranted. Rabin, Acting P. J., Hopkins, Latham, Munder and Shapiro, JJ., concur.