William H. Booth, J.
On an agreed statement of fact, the court has been asked to render judgment. Is the defendant to be found guilty of possession of an imitation pistol under section 436-5.0 of the Administrative Code of the City of New York, or acquitted?
A New York City police officer, having been given information about the defendant by a third party, apprehended the defendant who was running and who had something in his hand but who threw that something to the ground during the chase. The officer testified he recovered the item thus disposed of and discovered it to be a 32-caliber pistol, later tested and determined to be inoperable. The defendant had been charged with violation of section 265.02 of the New York State Penal Law and at a preliminary hearing, with violation additionally of the New York City Administrative Code section. The Hearing Judge dismissed the charge of section 265.02, leaving the Administrative Code violation upon which this trial judgment is requested.
While the Hearing Judge did find sufficient evidence to hold the defendant for trial, the question now is whether the evidence offered is sufficient to prove the defendant guilty beyond a reasonable doubt. Thus, this court is not acting, as contended by the People, as an appellate court to the hearing court but is determining a new question within this case.
Further, the court cannot and, specifically, does not find that the defendant should be found guilty simply because of a *948 20-year history of successful prosecutions. Error should never be compounded in the name of precedent.
The court does find the defendant guilty as charged. The legislative intent of section 436-5.0 is not violated when an inoperable pistol is construed to be an imitation pistol. The purpose of the section was, and still is, and should be, to help insure the safety of the residents of this city. A "legal” imitation pistol is specifically defined in the section to be one "colored in colors other than black, blue, silver or aluminum, and further provided that the barrel of said toy or imitation pistol or revolver shall be closed with the same material of which the toy or imitation pistol or revolver is made”.
But, an "illegal” such item is "any toy or imitation pistol or revolver which substantially duplicates an actual pistol or revolver”. An inoperable pistol does "substantially duplicate an actual pistol.”
This court disagrees with the finding in People v Rivers (76 Misc 2d 972, 975) that "a real revolver, even if inoperable, is not a model.” Section 436-5.0 did not specifically prohibit only those items manufactured as toys or imitation pistols or revolvers; instead, it is left for individual courts to determine what is prohibited. It is noteworthy that the word "model” was not used in the section though it is heavily relied upon by the court in the Rivers case. This court, therefore, finds that an inoperable pistol does "substantially duplicate an actual pistol” and, therefore, is an imitation pistol.