■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN B. CONROY, Appellant.—Appeal by defendant from (1) a judgment of the County Court, Westchester County, rendered April 26, 1973, convicting him of criminal possession of a dangerous drug in the third degree, upon a jury verdict, and imposing sentence, which appeal brings up for review the denial of defendant's motion to suppress certain evidence, and (2) an order of the same court, dated April 24, 1973, which denied a motion to set aside the verdict on the basis of "newly discovered evidence". Judgment reversed, on the law, motion to suppress granted, and indictment dismissed. The appeal from the order dated April 24, 1973 is dismissed as academic in view of the determination on the appeal from the judgment. The defendant was charged with criminal possession of a dangerous drug in the third degree and loitering. He moved to suppress the evidence against him on the ground that his constitutional rights had been violated. At the hearing it was established that the police had initially stopped his vehicle because a burglary had recently been committed in the area and the vehicle in

question was proceeding at a "slow rate of speed." The vehicle was admittedly stopped solely for the purpose of checking the driver's license and registration. Upon viewing a closed suitcase in the rear seat of the vehicle, the police pursued their investigation, which ultimately led to the discovery of marijuana both in the case and on the person of the defendant. The trial court denied the defendant's motion to suppress; he was subsequently convicted of the possession charge. In order for a stop to be valid, it must be based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion" *(Terry v Ohio,* 392 US 1, 21). The record contains no objective evidence of criminal activity. The officers did not observe the defendant participating in any criminal acts. On this record the initial seizure of the defendant was unlawful; consequently, the fruits of the unconstitutional seizure should have been suppressed (cf. *Brinegar v United States,* 338 US 160; *People v Ingle,* 36 NY2d 413). Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Rabin, JJ., concur.