■ The People of the State of New York, Respondent, v Larry Holmes, Also Known as Larry Lumpkin, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 29, 1975 (date on clerk's extract July 15, 1975), convicting him of attempted possession of a weapon, etc., as a felony, upon his plea of guilty, and imposing sentence. The appeal brings up for review a decision of the same court, made December 6, 1974, which, after a hearing, denied defendant's motion to suppress evidence. Judgment reversed, on the law and the facts, motion granted, and indictment dismissed (see *People v Ingle,* 36 NY2d 413). We find no merit in respondent's contention that the decision in *People v Ingle (supra)* should be applied prospectively only, as we do not read that case as announcing any new principles of constitutional law. Instead, *Ingle* merely applied the dictates of *Terry v Ohio* (392 US 1) to routine traffic stops. Such stops are still permitted if based upon uniform procedures or a minimal degree of suspicion of a vehicle violation. All that is interdicted is a stop which is "gratuitous, arbitrary, and without justification or excuse"

*(People v Ingle, supra,* p 418; see *People v Martinez,* 37 NY2d 662; *People v Murray,* 48 AD2d 907; cf. *People v Simone,* 48 AD2d 497). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.