■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR HAWKINS, Appellant.—Judgment of the Supreme Court, Kings County, rendered March 3, 1976, affirmed (cf. *People v Cataldo,* 39 NY2d 578). Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEO HICKS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, dated March 20, 1973, convicting him of possession of weapons, etc., as a misdemeanor, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. Under the circumstances revealed in this record, the routine license registration check of this car by the police was without reasonable suspicion; the motion to suppress the physical evidence unconstitutionally seized as a result thereof should therefore have been granted (see *People v Ingle,* 36 NY2d 413, 420; *People v Conroy,* 51 AD2d 1007). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAVON JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 12, 1974, convicting him of robbery in the first and second degrees, grand larceny in the third degree and unauthorized use of a motor vehicle, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the first degree (first count) and grand larceny in the third degree (third count), and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The facts are determined to have been established. Defendant was improperly convicted of robbery in the first degree under subdivision 4 of section 160.15 of the Penal Law on proof by the People that the gun allegedly displayed was an air pistol. An air pistol is not a "firearm" (see *People v Schmidt,* 221 App Div 77, 78), although it is a "deadly weapon" (see Penal Law, § 10.00, subd 12; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 10.00, p 21). It is clear from the history of the predecessor statute (former Penal Law, § 2124, subd 1), and of the present statute as originally enacted (see Penal Law, § 160.15, subds 1, 2, 3), that the use of the term "firearm" in the later enacted subdivision 4 was deliberate (for a history of the legislation see *People v Archie,* 85 Misc 2d 243, 248–249, and Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 160.15, pp 205–206). A penal statute may not be extended by implication (McKinney's Cons Laws of NY, Book 1, Statutes, § 271, subd b). On the facts, defendant could properly have been convicted on only one of the first three counts as the charges in those counts arose from the same act. Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.