■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HODGES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 26, 1974, convicting him of possession of a weapon, etc., as a felony, upon a jury verdict, and imposing sentence. The appeal also brings up for review the trial court's denial of defendant's motion to suppress physical evidence. Judgment reversed, on the law and the facts, motion granted, and indictment dismissed. On the afternoon of December 29, 1971 defendant and a companion walked along the streets in a commercial area of Brooklyn and looked into store windows; by their browsing they attracted the attention of police officers. The police officers kept defendant and his companion under observation as they stopped at a car parked on the south side of Lincoln Place. Defendant entered the car and started the engine while his companion remained on the sidewalk. Defendant then got out of the car, but left the motor running. As defendant and his companion inspected some dents in the front end of the vehicle, the police officers approached them, identified themselves, and asked defendant for his driver's license and automobile registration. The trial testimony is in disagreement as to what followed, a police officer stating that defendant failed to produce the license and registration, the defendant avowing that he did produce them. A request by radio for information on the possible status of the automobile as a stolen vehicle went unanswered, and the police officers decided to call a patrol car to take defendant and his companion to the station house for further investigation. Preparatory to placing defendant and his companion in the patrol car, one officer told defendant he was to be frisked for weapons. Defendant placed his hand in his pocket and turned away. The officer grabbed defendant's hand, pulled it from the pocket, placed his own hand in the pocket and pulled out a loaded gun. Defendant was thereupon arrested. A motion made at the trial to suppress the weapon as evidence was denied as untimely, and on the merits, and the defendant was convicted. The motion to suppress the weapon as evidence should have been granted as the initial stop of defendant was based on bare suspicion only; there was no reasonably founded suspicion that defendant had committed, was engaged in, or was about to perpetrate a crime (see CPL 140.50). An arbitrary stop of a single automobile for a routine check of license and registration is impermissible unless the police officer reasonably suspects a violation of the Vehicle and Traffic Law *(People v Ingle,* 36 NY2d 413, 419); the record is barren of any grounds for the stop, except the impression of one officer that defendant did not appear to belong in the neighborhood. This case is distinguishable on its facts from *People v De Bour* (40 NY2d 210), relied upon by the People, in that the defendant here employed no evasive action when the police approached, whereas in *De Bour* the person approached by police requesting information, in a high drug crime area, at 12:15 in the morning, crossed to the other side of the street when he observed the officers. The other issues raised by appellant have been considered and found to lack merit. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.