■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE M. JOE, Also Known as JOSEPH ROBBIE, EVERETT McCREADY and JAMES MORGAN, Appellants.—Appeals by defendants from three judgments of the County Court, Nassau County, one as to each of them, all rendered December 12, 1975, upon their respective pleas of guilty, one convicting defendant Joe of attempted criminal possession of a weapon in the third degree, and imposing sentence, one convicting defendant Morgan of possession of burglar's tools, and imposing sentence, and one convicting defendant McCready of possession of burglar's tools, and imposing sentence. Judgments reversed, on the law, indictment dismissed and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The indictment and conviction of each defendant resulted from a police stop of a van on the night of December 12, 1974. On that night, two Nassau County police officers were on special burglary patrol in an unmarked car in the residential area of East Meadow, an area which had been the scene of numerous burglaries during the prior three months. At 10:20 P.M. the officers observed a rented U-Haul van, bearing a license plate only in the rear and apparently containing two men, proceeding at a very slow rate of speed. The van stopped at an intersection for 30 seconds, turned left and drove by the police car at about 25 miles per hour. The officers then noticed that the rear license plate was a Florida license plate. At that point the officers decided to pull the van over. They did so notwithstanding their admission, during the pretrial hearing, that (1) based on their training and experience they knew that Florida issues only one license plate, which is placed on the rear of the vehicle, (2) it was not at all unusual to see a rented U-Haul van in this residential area and (3) the van's driver had committed no criminal act or traffic offense. In the latter regard, the officers admitted that the van had stopped at the intersection and that its lights were in working order. The only reason that the officers could articulate for stopping the van was their feeling that the occupants were lost. Defendant produced a proper license, registration and rental papers. Although the defendants have challenged the conduct of the police subsequent to the stop, i.e., the search of the van and the discovery therein of burglar's tools, a revolver and ammunition, we need not address ourselves to those arguments since, in our view, the initial stop of the van was an unreasonable, illegal seizure within the meaning of the Fourth Amendment of the United States Constitution and the evidence obtained as a result thereof must be suppressed. In *People v Ingle* (36 NY2d 413, 415, 418) the Court of Appeals held that the stop of an automobile is a "limited seizure within the meaning of constitutional limitations" and that a "minimal" degree of suspicion of a violation of the Vehicle and Traffic Law is necessary before a routine traffic check will be permitted to stand. The court in *Ingle* stated (p 420): "It should be emphasized that the factual basis required to support a stop for a 'routine traffic check' is minimal. An actual violation of the Vehicle and Traffic Law need not be detectable. For example, an automobile in a general state of dilapidation might properly arouse suspicion of equipment violations. All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' *(Terry v Ohio,* 392 US 1, 21, *supra)."* In *Ingle,* defendant was observed driving a 1949 Ford which was in perfect condition. Defendant was not violating any

traffic law. A State trooper, who was merely curious about the car, stopped it for a routine traffic check. The Court of Appeals held that the stop was an illegal seizure and that the evidence obtained by that seizure could not be used against defendant. The facts in this case do not rise to a higher level than those in *Ingle*. Defendants were in a van which was being operated in a manner completely consistent with the law. No traffic violation was being committed. The facts that defendants were driving slowly in this area, or had a valid out-of-State license plate, or appeared to be lost, are not of sufficient magnitude to warrant a routine traffic check (see *People v Ingle*, 36 NY2d 413, *supra; People v Sobotker*, 43 NY2d 559; *People v Martinez*, 37 NY2d 662, 667, n 3; *People v Hodges*, 55 AD2d 684; *People v Conroy*, 51 AD2d 1007; *People v Murray*, 48 AD2d 907). Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.