*463 OPINION OF THE COURT
Stanley L. Sklar, J.
The issue presented, apparently of first impression, is whether the People may introduce a gun into evidence under the following circumstances: The gun was discovered in a police search that might have been justified as incident to a lawful arrest for an unrelated crime, but the police failed to arrest for the unrelated crime.
The court ruled at the conclusion of the trial, but agreed to issue this formal written opinion.
The court holds that the gun may not be introduced and that the charge of possession of a gun must be dismissed.
On June 4, 1978, at about 9:00 p.m., Transit Patrolman David Isaac saw the respondent, Robert M., pay his fare, stumble through a turnstile and go onto a subway platform. A few minutes later Isaac was patrolling the platform and noticed Robert, whose back was then toward him. He saw Robert, who was holding his arms at waist level, move his arms in a twisting motion. Robert turned around. Isaac was close to him and asked him what was "going down”. Robert said, "I just rolled a marihuana cigarette.” He then dropped some cigarette rolling papers on the platform. Isaac testified that he saw a bulge in Robert’s pocket, reached in, and pulled out a gun. The gun was genuine, but was missing a part and was inoperable. Isaac arrested Robert for violation of subdivision g of section 436-5.0 of the Administrative Code of the City of New York. That section, simply stated, proscribes possession of a realistic looking toy gun. The officer did not formally arrest Robert on any marihuana related charge. No preliminary motion to suppress was made. Another issue is presented, which the court need not reach. Does subdivision g of section 436-5.0 of the Administrative Code prohibit possession of an inoperable real gun? (Contrast People v Pearson, 85 Misc 2d 1029, with People v Rivers, 76 Misc 2d 972.)
The People claim that the issue presented as to the propriety of the search and seizure of the gun is of first impression in New York. They argue that the gun should be admitted on two grounds. First, Officer Isaac could have arrested Robert on a marihuana charge. Since he had probable cause to arrest, they contend that he could properly do that which he could have done incident to a lawful arrest, namely search Robert and seize the gun. Second, the People argue that *464 Officer Isaac had probable cause to search Robert and seize the gun.
The People’s first argument is erroneous. True, if the officer had arrested Robert on a marihuana charge at any point during the entire transaction on the subway platform, that arrest might have served as the foundation for the search and the seizure of the gun. (Chimel v California, 395 US 752; United States v Robinson, 414 US 218.) An arrest on a marihuana charge might have served that purpose even if made at the end of the incident, after the search and seizure of the inoperable weapon. (People v Evans, 43 NY2d 160; Sibron v New York, 392 US 40, 67; United States v Riggs, 474 F2d 699, cert den 414 US 820.)
Officer Isaac arrested Robert for violation of subdivision g of section 436-5.0 of the Administrative Code. However, I find that Officer Isaac did not arrest Robert with respect to a marihuana charge. He admits that he did not effect an arrest on a marihuana charge by words, nor did he physically or constructively detain Robert so as to have effectively arrested him. (Cf. People v Cantor, 36 NY2d 106, 111-112; Terry v Ohio, 392 US 1, 16; Sibron v New York, supra, p 67.) The officer did not even testify that he had any intent to arrest Robert on any marihuana related charge. Nor did he voucher any marihuana or marihuana related paraphernalia.
The inability of the People to justify the search and seizure on the ground that the officer could have arrested Robert on a controlled substance charge is bolstered by referring to the rules governing pretext arrests.
Respect for the Fourth Amendment right to be secure against unreasonable search and seizures has caused the New York courts to exclude evidence obtained in a search incident to a subterfuge or sham or pretext arrest. (See People v Gaudio, 95 Misc 2d 47, and cases collated in that decision; People v Adams, 32 NY2d 451; People v Cunningham, 97 Misc 2d 618.) Other courts have also excluded such evidence. (Green v United States, 386 F2d 953; Amador-Gonzalez v United States, 391 F2d 308; State v Elkins, 422 P2d 250 [Ore]; Abel v United States, 362 US 217.)
The cases excluding evidence seized in a search incident to a pretext arrest hold that the courts will not permit a pretext arrest for a minor offense to be used to legitimize an otherwise illegal search and seizure. Otherwise police officers could seek pretexts for arrests to justify a search and seizure which, *465 without probable cause or exigent circumstances, would be prohibited by the Fourth Amendment. The courts have refused to eviscerate the protection of the Fourth Amendment in this manner.
Since a pretext arrest will not serve to justify a search and seizure made without probable cause or exigent circumstances, surely an improper search and seizure cannot be justified when no controlled substance arrest whatever, pretext or legitimate, was made.
Accordingly, the search and seizure may not be justified as incident to a lawful arrest. If justification exists, it must be found in the circumstances of the officer’s inquiry and the events which followed.
We may assume, without deciding, that Officer Isaac’s inquiry was justified. (People v Sanchez, 38 NY2d 72, 73-74.) However, his search was unjustified. He did not conduct any preliminary inquiry which might justify the search or have any information linking Robert to possession of a weapon. Officer Isaac did not see the outline of a gun. Merely viewing a bulge in one’s pocket is not sufficient to justify a search of the pocket. (People v Prochilo, 41 NY2d 759.) There were "no exigent circumstances * * * present to justify the immediate intrusion into * * * [Robert’s] pockets”. (People v Sanchez, 38 NY2d, p 75, supra.) Nor did Officer Isaac testify that the subway stop was a high crime area or that he felt any danger to himself. People v De Bour (40 NY2d 210) does not require, or authorize, a different conclusion. In De Bour, the Court of Appeals authorized the admission into evidence of a gun which had been in the defendant’s waistband. The gun was openly exposed to view in response to a request that De Bour open his jacket. The minimal intrusion in De Bour is to be contrasted with the full intrusion into Robert’s pocket.
This case must also be distinguished from Cupp v Murphy (412 US 291) which validated a search by police when they had probable cause to arrest but did not formally arrest. In Cupp, the defendant had voluntarily gone to a police station in connection with the murder of his estranged wife. The police asked if they could take a sample of scrapings from his fingernails. He refused. The police proceeded despite Murphy’s protests. Murphy was arrested one month later for the murder. The scrapings, which contained highly incriminating materials, were admitted into evidence. Murphy was convicted by an Oregon jury of murder in the second degree. The court’s *466 decision, holding the scrapings admissible, was grounded on three factors which rendered the search valid. They are: (1) the existence of probable cause, based on other factors, to arrest Murphy for the crime which was related to the search and seizure of the scrapings; (2) the very limited nature of the intrusion; and (3) the ready destructibility of the evidence. The court’s holding is confined to "the very limited search necessary to preserve the highly evanescent evidence”. (Cupp v Murphy, 412 US, p 296, supra.) As Justice Marshall notes in his concurring opinion (p 298): "there was no way to preserve the status quo while a warrant was sought, and there was good reason to believe that Murphy might attempt to alter the status quo unless he were prevented from doing so.” This case differs from Cupp. Assuming, arguendo, that Officer Isaac had probable cause to arrest Robert, that probable cause related to a crime other than that involving the weapon. Moreover, the intrusion herein was not very limited. Most important, no claim can be made that the gun was so evanescent or readily destructible as the fingernail scrapings in Cupp. In sum, Officer Isaac did not have the necessary predicate for escalating his inquiry into the search of Robert’s pocket.
Since Officer Isaac did not arrest Robert on a controlled substance charge, and since he did not have any probable cause to search Robert, the gun must be excluded from evidence.
The petition is dismissed.