OPINION OF THE COURT

Per Curiam.

The question presented on these appeals is whether the object possessed — in one case a real but inoperable handgun, and in the other a starter’s pistol — is a “toy or imitation pistol or revolver” within the meaning of subdivision g of section 436-5.0 of the New York City Administrative Code.
In Ross, defendant was arrested for possession of a .25 caliber silver-plated Baretta pistol loaded with four rounds of ammunition, and charged with criminal possession of a weapon (Penal Law, § 265.02, subd [4]). When the gun was found to be inoperable because of a faulty firing pin, the charge was reduced and defendant was accused, by information, with violating subdivision g of section 436-5.0 of the New York City Administrative Code, which provides in part: “It shall be unlawful for any person to sell or offer for sale, possess or use or attempt to use or give away, any toy or imitation pistol or revolver which substantially duplicates an actual pistol or revolver, unless said imitation or toy pistol or revolver shall be colored in colors other than black, blue, silver or aluminum, and further provided that the barrel of said toy or imitation pistol or revolver shall be closed with the same material of which the toy or imitation pistol or revolver is made for a distance of not less than one-half inch from the front end of said barrel”. On defense motion, Criminal Court dismissed the information, concluding that “an inoperable real revolver or pistol does not come within the purview of N.Y.C. Admin. Code Sec. 436-5.0 (g).” The Appellate Term reversed, in a 2 to 1 decision, holding that an inoperable pistol should be treated as an “imitation pistol.”
In Matter of Michael R., appellant, 14 years old, was charged with possessing a “black Italian starter’s pistol,” an act which if committed by an adult would have been a violation of subdivision g of section 436-5.0 of the Administrative Code. The pistol was inoperable. After a fact-find *320 ing hearing, Family Court determined that the acts alleged in the petition had been proven, adjudged appellant a juvenile delinquent, and placed him on probation for one year. The Appellate Division affirmed, without opinion.
In both cases, appellants argue that the objects possessed cannot be regarded as a “toy or imitation pistol or revolver,” within the meaning of the Administrative Code.
Whether it might have been wise for the city council to prohibit the possession of real but inoperable pistols along with its prohibition of toys and imitations, we deal only with the plain and natural meaning of the language employed. A real pistol or revolver, even though inoperable, simply is not a “toy or imitation”. As noted by the court in People v Rivers (76 Misc 2d 972, 975), “one would not call a broken radio a copy of a real radio or a defective toaster a copy of a real toaster.” Thus, the information in Ross must be dismissed.
However, we reach the opposite conclusion as to the starter’s pistol. A starter’s pistol is a gun manufactured to fire blank cartridges and is most commonly used as a signaling device at athletic events. It is, in essence, a noisemaker designed to resemble an actual firearm. As such, it is an imitation pistol and its possession is prohibited by the statute.
We have considered the remaining arguments in Matter of Michael R. and find them to be without merit.
The order of the Appellate Term in People v Ross should be reversed and the information dismissed. The order of the Appellate Division in Matter of Michael R. should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
In Matter of Michael R.: Order affirmed, etc.
In People v Ross: Order reversed, etc.