OPINION OF THE COURT
Randall T. Eng, J.
Defendant moves to dismiss the instant accusatory instrument pursuant to CPL 170.30 alleging that there are insufficient factual allegations to support the charges of menacing (Penal Law § 120.15) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).
The factual portion of the complaint signed by deponent Police Officer Mark Petito of the New York City Transit Police Department reads in its entirety:
"Deponent states based on deponent’s own observations that at the above mentioned date, time and place, the defendant by physical menace, intentionally placed numerous subway passengers in fear of imminent serious physical injury.
"And that at the aforesaid date, time and place, the defendant knowingly and unlawfully possessed a razor with intent to use the same unlawfully against another.
"In that the defendant acted as follows:
"Deponent states that the defendant did verbally threaten to cut several passengers with a razor knife at the above time and location, thereby placing them in fear of imminent serious physical injury.”
CPL 100.15 (3) prescribes the form and content of an information, and provides that: "The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges.”
Furthermore, in conformity with CPL 100.40 "in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.” (CPL 100.15 [3].)
The accusatory instrument, as written, is devoid of any mention of the specific identities of any of the "numerous subway passengers”. Needless to say, nor are there any supporting depositions provided by these passengers to corroborate the allegations of Police Officer Petito.
Penal Law § 120.15 defines the crime of menacing as fol *343 lows: "A person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury.”
In his Practice Commentaries (McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.15, at 361), Arnold D. Hechtman points out that the modern crime of menacing is derived from former Penal Law § 244 (1) which was then known as third degree assault.
Mr. Hechtman, in discussing the former crime of assault (now menacing), writes that "[u]pan the theory that in such cases the crime of assault rests basically upon the instilling of fear in' the victim and upon the latter’s state of mind rather than upon the defendant’s ability to carry out his implied threat” (ibid., citing People v Wood, 10 AD2d 231; emphasis supplied).
Clearly, in light of the statutory language, the commentaries, and the cases, it is essential that an accusatory instrument charging the crime of menacing contain a nonhearsay allegation derived from a victim substantiating circumstances under which a reasonable person would have cause to be fearful.
The complaint in the instant case fails to allege that the police officer himself was among those threatened by the actions of the defendant. If this were so, then the officer could stand as a suitable complainant.
Without supporting depositions from identifiable complainants, it cannot be inferred that the "verbal threats” made by the defendant were heard by anyone who might have been placed in fear.
Accordingly, the charge of menacing must be dismissed for failure to state nonhearsay allegations establishing each of the necessary elements of the offense.
As to the charge of criminal possession of a weapon in the fourth degree under Penal Law § 265.01 (2), the law requires that the factual portion of the complaint state nonhearsay allegations of an intent to use a weapon (in this case a razor) unlawfully against another.
It is worthy to note that Penal Law § 265.15 (4) omits razors from that category of weapons for which possession alone is presumptive evidence of intent to use unlawfully against another.
Therefore, without benefit of identifiable complainants to corroborate an intent to use unlawfully against another, and *344 without benefit of a presumption, the charge of criminal possession of a weapon in the fourth degree must fall (People ex rel. Pena v New York State Div. of Parole, 83 AD2d 887).
Accordingly, the motion to dismiss the charges contained in the entire docket is granted.