OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered November 2, 1987 modified, on the law and on the facts, to the extent of dismissing the charge of criminal possession of a weapon in the fourth degree and remanding to the Criminal Court for resentencing and, as so modified, affirmed.
Penal Law § 265.01 (2) (criminal possession of a weapon in the fourth degree) prohibits the possession of "any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another”. On this appeal, defendant challenges his conviction under Penal Law § 265.01 (2) on the ground that the prosecutor’s information charged that defendant "possessed an imitation pistol with the intent to use the same unlawfully against another” while the People’s witnesses at trial uniformly testified that defendant possessed a real, albeit unrecovered, gun. Since, in statutorily construing the Penal Law, language must be given its "plain and natural meaning” (Matter of Michael R., 61 NY2d 316, 320; People v Ditta, 52 NY2d 657), and since a real gun is simply not an "imitation pistol”, no matter how expansively that term is construed (see, Matter of Michael R., supra), we find that the People failed to establish proof on this material element. Moreover, we reject the People’s argument that the conviction is supported by the fact that Penal Law § 265.01 (2), in a catchall phrase, expansively forbids the possession of a "dangerous or deadly instrument or weapon” since, having proceeded on the narrower theory of prosecution as to this material element of the crime, i.e., that defendant possessed an imitation pistol, the People, in accordance with defendant’s due process and fair notice rights, are bound by the theory (People v Roberts, 72 NY2d 489; People v Barnes, 50 NY2d 375).
*579 Nonetheless, we see no reason to disturb the convictions for obstructing governmental administration or menacing. Notwithstanding the fact that the People proceeded on a similar theory as to these remaining counts, i.e., that defendant obstructed governmental administration and menaced with an imitation pistol, we find that, as to these charges, the nature of the object used as "extraneous or immaterial to the charges or beyond what is necessary to support * * * a conviction” (People v Roberts, supra, at 497). As to obstructing governmental administration, the relevant material element of the crime is the "interference” or "intimidation” (Penal Law § 195.05; People v Stumpp, 129 Misc 2d 703, affd 132 Misc 2d 3 [App Term, 2d Dept]) and as to menacing, the relevant material elements are the "physical menace” and the victim’s state of mind (Penal Law § 120.15; People v Boykin, 135 Misc 2d 341). Here, the People established the material elements of these crimes by proving that Sheriff Narvaez and Lieutenant Williams reasonably believed that defendant was threatening to shoot them with a firearm and thus were placed in fear of imminent serious physical injury and deterred from performing their official functions. Quite simply, the precise manner in which the "intimidation” and "physical menace” were accomplished was not a material element of either crime, and the language of the information did not make them such (cf., People v Roberts, supra). Accordingly, as to these crimes, the accusatory instrument did not deprive defendant of due process or fair notice and the proof at trial, while at variance with the accusatory instrument as to an immaterial fact, supports the convictions for obstructing governmental administration and menacing.
In accordance herewith, we dismiss the charge of criminal possession of a weapon in the fourth degree and remand this matter for resentencing.
Ostrau, P. J., Parness and McCooe, JJ., concur.