BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Henry Lee McCasMU, through counsel, challenges his two 1992 convictions for robbery in the first degree. These convictions were based on guilty pleas and the appellant contends that he was not properly informed of the correct range of punishment and was not correctly informed of the elements of the charged offenses before entering those pleas. These contentions are based on the appellant’s assertion that he was armed with only a “BB gun” during the commission of the robberies.
The circuit court denied the petition in a written order dated August 26, 1993, which states, in part:
“Petitioner’s first claim is that his guilty plea was not voluntarily made; Petitioner asserts his trial counsel incorrectly advised him as to the law regarding the statutory minimum sentence he could receive under 13A-5-6(a)(4).
“In his Rule 32 petition, for the first time, Petitioner claims that the gun he used in the robberies he has admitted to committing, was not a real gun but a BB pistol; Petitioner then asserts his view that enhancement should not be allowed under 13A-5-6(a)(4) if a BB gun and not a firearm was used and he claims his lawyer should have advised him of this.
“Based upon the above, Petitioner claims his guilty plea was not knowingly entered.
“Petitioner’s arguments are not well taken. Petitioner’s Rule 32 claim that he used a BB pistol to commit the robberies [is] not proper for a Rule 32 petition; if Petitioner wanted to claim that he used a BB pistol and not a gun to commit these robberies he had the opportunity to do so at his guilty plea and sentencing.
“Coram nobis does not lie to review questions of fact which have been tried beforehand. Johnson v. State, 439 So.2d 1340 (Ala.Cr.App.1983). TShe court notes *1177 that Petitioner pled guilty to two robberies which, according to the indictment, were committed with a pistol. Petitioner could have chosen to raise this issue at the time of his guilty plea or trial and Petitioner is therefore procedurally barred from Rule 32 review pursuant to Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure.
“While the court does not accept at face value Petitioner’s Rule 32 claim that the gun he used to commit these robberies was a BB pistol, even if the weapon used was a BB pistol it would not follow that his sentence could not have been enhanced under 13A-5-6(a)(4).
“The court notes that this specific issue has not yet been addressed by our appellate courts. If Petitioner wished to address this issue he should have done so before this court at the time of his guilty plea and sentencing and then, if he received an adverse ruling from the trial court, he could have raised the matter on appeal. Petitioner failed to raise these claims when he should have and these claims are procedurally barred under Rule 32.2(a)(3).
“The court notes that Petitioner did not file a direct appeal. A Rule 32 petition does not serve the purpose of a delayed of second direct appeal. Carroll v. State, 462 So.2d 789 (Ala.Crim.App.1984). Petitioner cannot claim the issue of an involuntary guilty plea in a Rule 32 petition because the issue could have been raised on direct appeal. See Cleveland v. State, 570 So.2d 855 (Ala.Crim.App.1990).
“The court notes that within Petitioner’s claim of an involuntary guilty plea is another claim that Petitioner’s counsel was ineffective. This claim is based upon Petitioner’s mistaken belief that 13A-5-6(a)(4) would not allow for enhancement if a BB gun was used to commit the robberies.
“As stated previously, this is an issue that has not yet been decided. However, the court finds that Petitioner’s trial counsel would not be ineffective by not advising the petitioner with some speculation as to what the law in the future might be. See generally Mc[K]innis v. State, 392 So.2d 1266 (Ala.Cr.App.l980)[, cert, denied, 392 So.2d 1270 (Ala.1981) ].” R. 48-49 (emphasis in original).
The appellant was indicted for robbery in the first degree “while armed with a deadly weapon or a dangerous instrument, to-wit: a pistol.” Supp.R. 5, 6. The affidavits for the warrants of arrest charge the appellant with robbery in the first degree while “armed with a deadly weapon or a dangerous instrument, to-wit: BB gun.”[1]
Robbery in the first degree is defined in Ala.Code 1975, § 13A-8-41. Subsection (b) provides:
“Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was ... armed [with a deadly weapon or dangerous instrument].”
Thus, the use of a “BB pistol” during the commission of a robbery may support a conviction for robbery in the first degree. See Herndon v. State, 563 So.2d 1065, 1071 (Ala.1990) (“[w]e hold that the better rule is that an unloaded gun is a ‘deadly weapon’ for the purposes of § 13A-8-41, and that when the evidence shows ... that the defendant was ‘armed’ with a pistol at the time of the robbery, the showing that it was, in fact, not loaded, is not an affirmative defense, nor is it evidence that will entitle the defendant to a lesser included instruction”).
I
In Cantu v. State [Ala.Sup.Ct. docket *1178 no. 1920426, October 15, 1993] the petitioner claimed that the trial judge failed to properly advise him of the maximum sentence he could receive if he entered a plea of guilty. The Alabama Supreme Court held that the petitioner, “by failing to raise at the trial level the inadequacy of the Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969),] colloquy, is now procedurally barred from raising the issue under the provisions of Rule 32.” Consequently, the appellant is procedurally barred from contesting the involuntariness of his guilty plea on the ground that he was improperly advised of the range of sentence.
II
In Cantu, our Supreme Court also recognized that “ ‘when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review.’ ” Cantu, 1994 WL 129749, at *2 (quoting Ex parte Brannon, 547 So.2d 68 (Ala.1989) (empShasis added in Cantu). However, “Cantu’s argument to void his sentence [was] not based on any claim that his sentence was illegal and not authorized by statute.” 
In this case, the appellant was sentenced pursuant to Ala.Code 1975, § 13A-5-6(a)(4), which provides that the sentence for “a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, [is] not less than 20 years.” Emphasis added. Clearly, a “BB gun” is not a “firearm” which is defined as “[a] weapon from which a shot is discharged by gunpowder.” § 13A-8-l(4).
However, a “BB gun,” depending upon the manner in which it is used, may very well be a “dangerous instrument” as that term is defined in § 13A-1-2(12).
“(12) DANGEROUS INSTRUMENT. Any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is highly capable of causing death or serious physical injury, and such term includes a ‘vehicle,’ as that term in defined in subdivision (13) of this section.”
Furthermore, we conclude that a “BB gun” may constitute a “deadly weapon” as that term is defined by § 13A-1-2(11).
“(11) DEADLY WEAPON. A firearm or anything manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury, and such term includes, but is not limited to, a pistol, rifle or shotgun; or any billy, black-jack, bludgeon or metal knuckles.”
See Jones v. State, 523 So.2d 518, 521 (Ala.Cr.App.1987) (“[i]n other words, a deadly weapon is not only a weapon with which death may be easily and readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used”). We reach this conclusion because the definition of “serious physical injury” includes “[p]hysical injury which ... causes ... protracted loss or impairment of the function of any bodily organ.” § 13A-1-2(9). We take judicial notice that BB guns present a serious danger of injury to the eye and that the “eye” is “the organ of sight.” The Random House Dictionary of the English Language 687 (2d ed. unabridged 1987). See also People v. Malone, 72 Cal.App.3d 649, 138 Cal.Rptr. 397, 399 (1977) (air gun is a “gun” within meaning of instruction defining deadly weapon); State v. Streyar, 119 Ariz. 607, 583 P.2d 263, 266 (App.1978) (trial .court did not err in determining that defendant’s spring-operated BB pistol was a “gun” for purposes of statute setting out punishment for robbery committed by a person armed with a gun or deadly weapon); State v. Johnson, 8 Kan.App.2d 368, 657 P.2d 1139, 1141 (1983) (pneumatic air rifle designed for and capable of shooting BB’s or .177-caliber pellets was a “deadly weapon”); Emshwiller v. State, 443 So.2d 488 (Fla.App.1984) (BB *1179 gun is deadly weapon within meaning of aggravated battery statute); People v. Jones, 54 A.D.2d 740, 387 N.Y.S.2d 659, 660 (1976) (air pistol is not a firearm, although it is a deadly weapon). But see Mosley v. State, 545 S.W.2d 144, 145 (Tex.Cr.App.1976) (BB gun was not “deadly weapon” where it was unloaded and was not used to strike at the victim).
Although the record in this case does not reveal the manner in which the appellant used the BB pistol, this Court cannot state that the appellant’s sentence is clearly illegal or is clearly not authorized by statute.
Ill
Although the petition contains no specific allegation of ineffectiveness of counsel, the circuit court concluded that
“within Petitioner’s claim of an involuntary guilty plea is another claim that Petitioner’s counsel was ineffective. This claim is based upon Petitioner’s mistaken belief that 13A-5-6(a)(4) would not allow for enhancement if a BB gun was used to commit the robberies.
“As stated previously, this is an issue that has not yet been decided. However, the court finds that Petitioner’s trial counsel would not be ineffective by not advising the petitioner with some speculation as to what the law in the future might be. See generally Mc[K]innis v. State, 392 So.2d 1266 (Ala.Cr.App.l980)[, cert. denied, 392 So.2d 1270 (Ala.1981) R. 48-49 (emphasis in original).
As discussed above, the appellant has failed to show that the advice he allegedly received was incorrect. The appellant has also faded to show that trial counsel was ineffective under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.

. The record on appeal as originally filed in this Court does not contain the indictments and warrants of arrest. On December 6, 1993, the appellant filed a motion in this Court to supplement the record with those documents. On December 8, 1993, this Court ordered the circuit court to supplement the record "[i]f the requested items were ... considered by the trial court." Supp.R. 1. On December 20, 1993, the circuit court ordered the record to be supplemented with the requested documents. Supp.R. 4.