■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WILSON, Appellant. [727 NYS2d 62] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 29, 1998, convicting defendant, after a jury trial, of robbery in the second degree, criminal possession of a weapon in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 8 years, 2 to 4 years (two terms), and 1 year, respectively, unanimously affirmed.

The court properly modified its *Sandoval* ruling to allow the prosecutor to inquire into one of defendant's prior robbery convictions after defendant gave testimony meant to mislead the jury into believing that he was a nonviolent person (*see, People v Veneracion*, 268 AD2d 363, *lv denied* 94 NY2d 926; *People v Wilkens*, 239 AD2d 105, *lv denied* 90 NY2d 899; *see also, People v Clark*, 272 AD2d 197, *lv denied* 95 NY2d 851).

Defendant's claim that he was entitled to be personally informed of the modification of the *Sandoval* ruling before or during the prosecutor's newly permitted inquiry as to the robbery conviction is without merit. The court was not obliged to interrupt cross-examination of defendant to inform him of the evidentiary ruling (*see, People v Branch*, 83 NY2d 663, 666;

*People v Enrique*, 165 AD2d 13, *affd* 80 NY2d 869). Moreover, defendant has not established that he was prejudiced by the delay in informing him of the *Sandoval* modification. Defendant is himself responsible for any prejudice that allegedly resulted from his angry outburst on the witness stand when confronted with his prior robbery conviction.

The conviction of criminal possession of a weapon in the third degree (elevated from fourth-degree possession based on defendant's prior criminal record [Penal Law § 265.02 (1)]) was based on legally sufficient evidence. Defendant was convicted of possession of a BB gun, with intent to use it unlawfully against another, under the theory that the BB gun was an "imitation pistol" (Penal Law § 265.01 [2]). Although a BB gun may be a dangerous weapon (*see, People v Jones*, 54 AD2d 740), that does not preclude it from also being an "imitation pistol" within the meaning of Penal Law § 265.01 (2). Penal Law § 265.00 (3) defines "firearm" as, *inter alia*, "any pistol." "A real pistol or revolver, even though inoperable, simply is not a 'toy or imitation' " (*Matter of Michael R.*, 61 NY2d 316, 320). However, an air gun or BB gun is not a firearm (*see, People v Jones, supra*; *People v Schmidt*, 221 App Div 77, 78; *People v Charles*, 9 Misc 2d 181). Thus, it is not a real "pistol" within the meaning of the statute, but is an "imitation pistol" because, as the court charged without objection, it "so resemble[d] a real pistol that a reasonable person under the circumstances would have believed it to have been real."

Defendant's contention that certain medical records of the complainant purportedly constituting *Brady* material (*Brady v Maryland*, 373 US 83) were improperly withheld is dehors the trial record and should have been raised as a CPL 440.10 motion (*see, People v Love*, 57 NY2d 998; *see also, People v Kronberg*, 243 AD2d 132, 152, *lv denied* 92 NY2d 880). The absence of these records prevents this Court from determining whether they were exculpatory, and, if so, whether they could have affected the verdict. To the extent the existing record permits review, we find that these records could not have affected the verdict.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.