■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARTON DEPAUL, Appellant. [955 NYS2d 907]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and menacing in the second degree (§ 120.14 [1]), arising from an incident in which defendant pointed a BB gun at a police officer and demanded the officer's money. According to the trial testimony of the officer, the BB gun appeared to be a real handgun and he feared for his life. On appeal, defendant contends that the evidence is legally insufficient to establish that the BB gun was loaded or operable. That contention is unpreserved for our review because defendant's motion for a trial order of dismissal was not specifically directed at that alleged deficiency in the People's proof (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, because defendant was charged with possessing an "imitation pistol," the People were not required to prove that the BB gun was loaded or operable. The cases relied upon by defendant are distinguishable because the defendants therein were charged with possessing firearms; it is well settled, however, that a BB gun is not a firearm (*see People v Wilson*, 283 AD2d 339, 340 [2001], *lv denied* 97 NY2d 644 [2001]; *see generally People v Perez*, 93 AD3d 1032, 1038 n 2 [2012], *lv denied* 19 NY3d 1000 [2012]). Present—Scudder, P.J., Fahey, Carni, Lindley and Sconiers, JJ.