# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1330
KA 11-00199
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

BARTON DEPAUL, DEFENDANT-APPELLANT.

---

MARY R. HUMPHREY, NEW HARTFORD, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (William D. Walsh, A.J.), rendered October 18, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and menacing in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and menacing in the second degree (§ 120.14 [1]), arising from an incident in which defendant pointed a BB gun at a police officer and demanded the officer's money. According to the trial testimony of the officer, the BB gun appeared to be a real handgun and he feared for his life. On appeal, defendant contends that the evidence is legally insufficient to establish that the BB gun was loaded or operable. That contention is unpreserved for our review because defendant's motion for a trial order of dismissal was not specifically directed at that alleged deficiency in the People's proof (see People v Gray, 86 NY2d 10, 19). In any event, because defendant was charged with possessing an "imitation pistol," the People were not required to prove that the BB gun was loaded or operable. The cases relied upon by defendant are distinguishable because the defendants therein were charged with possessing firearms; it is well settled, however, that a BB gun is not a firearm (see People v Wilson, 283 AD2d 339, 340, lv denied 97 NY2d 644; see generally People v Perez, 93 AD3d 1032, 1038 n 2, lv denied 19 NY3d 1000).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court