*701 In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Tilar Me. appeals from an order of disposition of the Family Court, Queens County (Hunt, J.), dated April 8, 2013, which, upon a fact-finding order of the same court also dated April 8, 2013, made upon his admission, finding that he committed acts, which, if committed by an adult, would have constituted the crime of possession or sale of a toy or imitation firearm, adjudged him to be a juvenile delinquent, and placed him in the custody of the Commissioner for Social Services for a period of 11 months.
Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Commissioner for Social Services for a period of 11 months is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the appellant in the custody of the Commissioner for Social Services for a period of 11 months has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068 [2010]).
Before a fact-finding hearing was held in this proceeding, the appellant sought dismissal of the petition on the ground that it was facially invalid. He contended that the object he was alleged to have possessed, an inoperable air gun that looked like a Clock semiautomatic pistol, could not constitute a toy or imitation firearm within the meaning of the Administrative Code of the City of New York § 10-131 (g) (hereinafter the Administrative Code). The Family Court held that the petition was not facially invalid because an inoperable air gun could constitute an imitation firearm within the meaning of that provision. The appellant admitted his possession of the object at issue, and the Family Court issued a fact-finding order and, upon that order, an order of disposition adjudging the appellant a juvenile delinquent. On appeal, the sole contention raised by the appellant is that the petition was facially invalid.
Each count of a juvenile delinquency petition must be supported, either in the petition itself or in a supporting deposition, by nonhearsay factual allegations that, if true, establish “every element of each crime charged and the respondent’s commission thereof” (see Family Ct Act § 311.2 [3]; Matter of Joel C., 70 AD3d 936, 937 [2010]). A petition’s failure to satisfy this requirement amounts to a nonwaivable jurisdictional defect (see *702 Matter of Michael M., 3 NY3d 441, 445 [2004]; Matter of Antwaine T., 105 AD3d 859, 860 [2013]). Here, the appellant was charged with having committed acts, which, if committed by an adult, would have constituted a violation of Administrative Code § 10-131 (g), which provides, as relevant here: “[i]t shall be unlawful for any person to . . . possess . . . any toy or imitation firearm which substantially duplicates or can reasonably be perceived to be an actual firearm” (Administrative Code of City of NY § 10-131 [g]). Contrary to the appellant’s contention, the factual allegations supporting the petition were sufficient. An air gun, which is not itself a firearm, may nevertheless be an imitation firearm within the intendment of Administrative Code § 10-131 (g) (see Matter of Akeem B., 295 AD2d 175, 175-176 [2002]; cf. Matter of Michael R., 61 NY2d 316, 320 [1984]; People v Depaul, 101 AD3d 1735, 1735 [2012]; People v Wilson, 283 AD2d 339, 340 [2001]). Accordingly, the Family Court correctly found that the petition was not facially invalid (see Family Ct Act 311.2 [3]; Matter of Joel C., 70 AD3d at 937). Mastro, J.E, Balkin, Miller and LaSalle, JJ., concur.